IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

_____

JEFFREY HUNT,
    Plaintiff

VS.                                                  NO. **1:10-cv-0035**
                                                        **JURY DEMANDED**
WAYNE COUNTY, *et al*,                 **CAMPBELL/KNOWLES**
    Defendants

_____

**INITIAL CASE MANAGEMENT ORDER**
_____

**I.    STATEMENT OF THE COURT'S JURISDICTION**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331.

**II.    STATEMENT OF PARTIES' THEORIES OF THE CASE**

**A.  Plaintiff's theory of the case:**

On or about April 23, 2009, Deputies Charlie Mosley ("Mosley") and Bart Bryant ("Bryant") were called to investigate a domestic disturbance at the home of Danny Wallace involving an assault of the Plaintiff's son by Mr. Wallace's brother, Andy Wallace. When Deputy Bryant arrived, Danny Wallace was engaged in a telephone argument with the Plaintiff regarding the assault. Danny Wallace handed the phone to Bryant without telling the Plaintiff he was doing so at which time the Plaintiff terminated the call. Deputy Bryant then called the Plaintiff from his personal cellular phone and identified himself as Andy Wallace, the aggressor in the assault of the Plaintiff's son. The Plaintiff argued with the man identified as Andy Wallace, and threatened to fight him if he trespassed onto the Plaintiff's property. The call was terminated shortly thereafter.

{FB038640 /}

Upon information and belief, Bryant conferred with his supervisor, Jason Davis ("Davis"), and Sheriff Ric Wilson ("Wilson"), and the decision was made to make a warrantless arrest of the Plaintiff for assault, despite the lack of probable cause to support the charge. Believing that the Plaintiff lived at the Hurricane Motel, which he owns, the deputies went to affect a warrantless arrest. When they realized the Plaintiff did not reside there, the deputies learned of his residential address and proceeded there.

Upon arrival, Bryant, Davis, and Mosley went to the back of the residence when they found the Plaintiff's wife and sons. They asked the Plaintiff's wife where he was, and she replied that he was in the house. She explicitly stated that they could not enter the house without a warrant. Bryant replied that the Plaintiff was being arrested for "assault on an officer," and that he did not need a warrant and would, "get one later." Nonetheless, Bryant proceeded to arrest the Plaintiff in his home without a warrant and threatened him verbally and with a "flapjack." The Plaintiff was placed in the back of the squad car where he remained cuffed with no ventilation for over forty-five minutes. The Plaintiff was later taken to the Wayne County Jail where he remained for over two hours, finally being released on his own recognizance at 1:00 a.m.

The Plaintiff was charged with "assault on an officer" based on the sworn affidavit of Bryant. On the day of trial, the charge was amended, by agreement, to telephone harassment. After a trial on the merits, the charge was dismissed due to lack of any proof at trial, or any indication in the warrant's affidavit that the alleged threats met the statutory requirements of the original or amended offense.

No probable cause existed to arrest the Plaintiff. The Defendants entered the Plaintiff's home and arrested the Plaintiff in violation of his constitutional rights. The Plaintiff was further

{FB038640 /}

maliciously prosecuted on the charge of "assault on an officer," which was later amended to telephone harassment. Additionally, the Plaintiff was falsely arrested and/or imprisoned, and assaulted and/or battered in violation of state law.

### B. Defendants' theory of the case:

On or about April 23, 2009, deputies for Wayne County, Tennessee were called to the home of Danny Wallace regarding a disturbance. Upon arrival, the plaintiff called Mr. Wallace. Mr. Wallace handed the phone to Deputy Bryant who identified himself by name and office. Mr. Hunt made threats to Deputy Bryant and hung up. Deputy Bryant used his cellular phone and called Mr. Hunt back. Deputy Bryant again identified himself by name and office. Mr. Hunt began making threats to the deputy. Deputy Bryant advised Mr. Hunt that what he was saying was illegal, however Mr. Hunt continued threatening Deputy Bryant and even threatened to kill him. After conferring regarding the threats, it was determined that Mr. Hunt's threats were credible and that an arrest should be made.

Deputies went to the home of Mr. Hunt, never entering the residence, and conducted the arrest of Mr. Hunt. Mr. Hunt was cooperative during the arrest and no physical force was ever used in order to affect said arrest. These defendants deny that they depriving the plaintiff of his rights protected by the U.S. Constitution or the Constitution of the State of Tennessee or that they were negligent in any manner involving this incident. Additionally, the individual defendant asserts qualified immunity as a defense in this matter.

### C. Parties' statement of issues to be resolved:

1. Whether the Defendants violated the Plaintiff's constitutional rights by:

    a. falsely arresting and/or imprisoning him;
    b. arresting him in his home without a warrant for a misdemeanor, absent consent and/or exigent circumstances; and
    c. maliciously prosecuting him.

{FB038640 /}

2. Whether the Defendants violated the Plaintiff's rights under state law by:

    a. assaulting and/or battering him; and
    b. falsely arresting and imprisoning him.

3. Whether the Plaintiff was injured by the conduct of the Defendants and, if so, the amount of the damages.

4. Whether the Plaintiff is entitled to an award of his attorneys fees and costs of this cause and, if so, the amount of each.

5. Whether the Defendants are entitled to attorney's fees pursuant to 28 U.S.C Section 1988.

**D. Defendants' additional statement of issues to be resolved:**

1. Whether the individual defendant is entitled to qualified immunity and/or common law immunity under the circumstances.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

**A. Rule 26(a)(1) Disclosures**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (14) days from the date of the Initial Case Management Conference or by **August 3, 2010.**

**B. Motions to Amend Pleadings**

Any motion to amend the pleadings or join parties shall be filed on or before **October 27, 2010.**

**C. Completion of All Discovery**

All discovery shall be completed on or before **March 11, 2011.** All written discovery shall be submitted in sufficient time so the response shall be in hand by **January 14, 2011.** All discovery related motions shall be filed on or before **March 18, 2011.**

{FB038640 /}

**D. Rule 26(a)(2) Expert Disclosures**

On or before **January 14, 2011**, Plaintiff shall declare to Defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **February 18, 2011,** Defendants shall declare to Plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **March 4, 2011.** All depositions of expert witnesses shall be completed on or before**, May 6, 2011.**

**E. Dispositive Motions**

All dispositive motions shall be filed on or before **July 8, 2011,** and any response thereto shall be filed within 30 days of the being filed**.** Any reply shall thereafter be filed within 14 days of the response being filed.

**IV. Trial**

This matter is expected to last no longer than three (3) days to try. The target trial date is November 8, 2011.

It is so **ORDERED.**

**ENTERED** this the ___ day of July, 2010.

_____
**MAGISTRATE JUDGE E. CLIFTON KNOWLES**

{FB038640 /}