IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JEFFREY HUNT )
)
v. ) NO. 1-10-0035
) JUDGE CAMPBELL
WAYNE COUNTY, et al. )
\

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 49). For the reasons stated herein, Defendants' Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff Jeffrey Hunt filed this action against Wayne County, Tennessee, Sheriff Ric Wilson, and Deputy Sheriffs Bryant, Davis and Mosley, pursuant to 28 U.S.C. § 1983 ("Section 1983"), for violation of his constitutional rights under the Fourth and Fourteenth Amendments and for certain state law claims. Docket No. 36 (Amended Complaint).

Plaintiff alleges that, on or about April 23, 2009, Defendants Mosley and Bryant were called to investigate a domestic disturbance at the home of Danny Wallace in Wayne County, Tennessee. Docket No. 36. Plaintiff contends that when Defendant Bryant arrived, Danny Wallace was on the phone with Plaintiff, arguing about an assault perpetuated on Plaintiff's son by Wallace's brother, Andy Wallace. *Id*. Plaintiff asserts that when Danny Wallace handed the phone to Deputy Bryant, Plaintiff hung up. *Id*. Plaintiff claims he did not know that the phone was handed to a law enforcement officer, specifically Defendant Bryant. Docket No. 63 ¶ 5.

The parties agree that Defendant Bryant then used his personal cellular phone to call Plaintiff. Docket No. 63, ¶ 7. Defendants contend that Bryant told Plaintiff he was a law

enforcement officer. *Id*., ¶ 8. Plaintiff asserts that the caller identified himself as Andy Wallace, the man who earlier had assaulted Plaintiff's son. *Id*.; Docket No. 36. Plaintiff alleges that, believing he was speaking with Andy Wallace, Plaintiff expressed his anger regarding the attack on his son and threatened to fight Wallace if Wallace came onto Plaintiff's property. *Id.* Plaintiff also claims that he told the caller he was going to have the caller arrested for impersonating an officer. *Id*., Docket No. 63, ¶ 9. It is undisputed that Plaintiff was at his own residence when Defendant Bryant phoned him and Defendant Bryant was still on the Wallace property. Docket No. 69, ¶ 21.

Defendant Bryant advised Defendant Davis about the telephone call with Plaintiff and stated that Plaintiff had threatened him. Docket No. 63, ¶ 10. Defendant Davis consulted with his superior (who he claims was Chief Baer) and was told to arrest the Plaintiff for assault on an officer. Defendants Davis, Mosley and Bryant first went to Plaintiff's place of business (Hurricane Motel), found he was not there, and then went to Plaintiff's residence. *Id*., ¶¶ 11-12; Docket No. 36. Once they arrived at Plaintiff's residence, Defendants went to the back of Plaintiff's house, where Plaintiff's wife was on the deck talking on the phone. *Id*., Docket No. 63, ¶ 13.

From here, the account of the incident is clearly disputed. It is undisputed, however, that Defendants announced they were there to arrest the Plaintiff, and it is undisputed that Defendants had no warrant to either enter and search the house or to arrest the Plaintiff. Plaintiff's wife claims to have told the officers they could not enter the house, but Defendant Bryant pushed past her anyway. Docket No. 63, ¶ 13; Docket No. 36. It is undisputed that the Plaintiff was arrested and led to the squad car, although the parties dispute whether Plaintiff was arrested outside or inside his home and whether Plaintiff was subjected to excessively rough treatment or force by Defendants. Docket No. 63, ¶14.

2

It is undisputed that Plaintiff was transported to the county jail and was released a couple of hours later without having to pay a bond. Docket No. 63, ¶¶ 16-18. The charge against Plaintiff was amended to harassment instead of assault, and the criminal charges against Plaintiff were dismissed on the merits at the conclusion of the preliminary hearing. Docket No. 69, ¶¶ 24 and 26.

Plaintiff has asserted federal claims against the individual Defendants, in both their individual and official capacities, for violation of his Fourth and Fourteenth Amendment rights and for malicious prosecution. Docket No. 36. Plaintiff has also alleged federal claims against Defendant Wayne County for violation of his civil rights. *Id.*

In addition, Plaintiff has alleged state law claims for assault and battery against Defendants Bryant and Wayne County; for false arrest and false imprisonment against the individual Defendants and Wayne County, and for malicious prosecution against Defendants Bryant and Wayne County. *Id.* Plaintiff has also asserted a claim for negligent training and/or supervision against Defendant Wayne County.[1] Defendants have moved for summary judgment on all of Plaintiff's claims. Docket Nos. 49 and 59.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

---

[1] Plaintiff's negligence claim cannot be the basis for a violation of Section 1983. *Dotson v. Correctional Medical Servs.*, 584 F.Supp.2d 1063, 1067 (W.D. Tenn. 2008) ("It is well established that negligence does not give rise to a constitutional violation."); *see also Dowdy v. Crawford*, 2011 WL 6099669 at * 1 (M.D. Tenn. Dec. 6, 2011).

3

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## FOURTH AND FOURTEENTH AMENDMENTS

To prove a Section 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). There is no dispute that the Defendant Deputies were acting under color of state law.

Plaintiff has sued the individual Defendants in both their individual and official capacities. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Individuals sued in their official capacities stand in the shoes of the entity they represent. *Everson v. Leis*, 556 F.3d 484, 493, n. 2 (6th Cir. 2009). Therefore, Plaintiff's claims against the individual Defendants in their official capacities will be treated as claims against the Defendant Wayne County.

4

Plaintiff contends that Defendants violated his constitutional rights by performing a warrantless and illegal seizure of his person when they arrested him. Defendants maintain that they were acting under direction from their supervisor (Chief Baer), who told them to arrest Plaintiff for assault on an officer.

Under Tennessee law, "assault" is a misdemeanor and includes conduct which intentionally or knowingly causes another to reasonably fear imminent bodily injury. Tenn. Code Ann. § 39-13-101. Tennessee law provides that an officer may arrest a person without a warrant for a public offense committed or a breach of the peace threatened in the officer's presence. Tenn. Code Ann. § 40-7-103.

It is undisputed that Defendant Bryant called Plaintiff from Bryant's personal cell phone. There are disputed facts as to exactly what each of the parties said on this phone call. The parties dispute whether Defendant Bryant identified himself as an officer. Plaintiff contends he thought he was speaking with Andy Wallace, who is not a law enforcement officer. Defendants claim Plaintiff knew he was speaking to a law enforcement officer, although Defendant Bryant stated in his report that Plaintiff told him several times that he was sorry; he thought it was somebody joking that they were a cop. Docket No. 56-1.

In any event, however, even if Plaintiff knew he was speaking to an officer and even if Plaintiff did tell Defendant Bryant that, if Bryant came to Plaintiff's house, he (Plaintiff) was going to "kick his hiney," or words to that effect, the Court finds that there are genuine issues of material fact as to whether Defendant Bryant was reasonably in fear of imminent bodily injury under these circumstances.

5

Case 1:10-cv-00035   Document 73   Filed 01/31/12   Page 5 of 16 PageID #: 762

In addition, whatever Plaintiff said to Defendant Bryant on the telephone was not uttered "in the officer's presence." Defendant's reliance on *Nelson v. State*, 219 Tenn. 680 (1967) is not persuasive. *Nelson* states only that where an officer has direct personal knowledge through one of his five senses that the suspected person *is committing a crime in the officer's presence*, he may lawfully arrest him. Defendant Bryant may have heard Plaintiff's words through his sense of hearing, as Defendants argue, but Defendant knew that those words were coming over the telephone and Plaintiff was not in his presence.

Defendants also argue that they are entitled to qualified immunity from this claim. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Determinations of qualified immunity require the Court to answer two questions: (1) whether the officer violated a constitutional right and (2) whether that right was clearly established in light of the specific context of the case. *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011).[2]

The Court finds that a reasonable jury could determine that Defendants violated Plaintiff's constitutional rights by arresting him without a warrant and that such rights were clearly established at the time. For these reasons, the Court finds that the individual Defendants are not entitled to summary judgment on Plaintiff's Fourth and Fourteenth Amendment claims.

---

[2] "The judges of the district court and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818.

## MALICIOUS PROSECUTION

The Sixth Circuit Court of Appeals recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction and incarceration. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). To succeed on a malicious prosecution claim under Section 1983, a plaintiff must prove (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceeding was resolved in the plaintiff's favor. *Id*. at 308-09.[3]

Plaintiff's allegations of malicious prosecution are made against Defendant Bryant only. Docket No. 36, p. 7. The parties do not dispute that Defendant Bryant provided the affidavit of complaint which charged the Plaintiff with assault on an officer. Defendant Bryant was not only the arresting officer, but also the complaining witness. Defendants contend, however, that Plaintiff cannot demonstrate that Defendant Bryant was responsible for the decision to prosecute the Plaintiff. To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating. *Sykes*, 625 F.3d at 309. Whether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions. *Id*. at 312.

---

[3] A Section 1983 claim for malicious prosecution fails when either (1) there was probable cause to prosecute or (2) the defendant did not make, influence or participate in the decision to prosecute. *Cheolas v. City of Harper Woods*, 2012 WL 89173 at * 3 (6th Cir. Jan. 10, 2012)

7

It is undisputed that a criminal proceeding was initiated against the Plaintiff and that it was resolved in Plaintiff's favor. To what extent Defendant Bryant influenced or participated in the decision to prosecute is disputed, particularly since Defendant Bryant was not only the arresting officer, but also the alleged victim and complaining witness. In addition, Plaintiff has sufficiently shown a lack of probable cause to survive summary judgment. Moreover, whether Plaintiff actually suffered a deprivation of his liberty sufficient to meet the second element raises disputed issues of fact as to what happened.

Because these underlying facts are disputed, the Court cannot find that Defendant Bryant is entitled to qualified immunity from this claim. The Court finds that Defendant Bryant has not shown that he is entitled to summary judgment on Plaintiff's federal malicious prosecution claim.

## DEFENDANT WILSON

Plaintiff has alleged that Defendant Wilson, Sheriff of Wayne County, personally participated in the alleged misconduct against Plaintiff. In order for Defendant Wilson to be held liable in his individual capacity, Plaintiff must demonstrate that Wilson personally condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights. *Birrell v. Brown,* 867 F.2d 956, 959 (6th Cir.1989); *Hays v. Jefferson County,* 668 F.2d 869, 872–874 (6th Cir.1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.); *Teasley v. Sehorn,* 2011 WL 6151504 at * 3 (M.D.Tenn. Nov. 22, 2011).

Defendants have shown that Plaintiff's allegation against Defendant Wilson is based upon a mistaken identity. Defendant Bryant testified at the preliminary hearing that he believed his supervisor, Jason Davis, called Sheriff Wilson, but he (Bryant) did not speak with Wilson. Docket Nos. 58 and 71. Defendant Bryant has subsequently testified, however, that he assumed Davis had

8

called Sheriff Wilson but later learned that Davis had contacted Chief Baer. Docket No. 55-3, pp. 7-8. Davis testified that he called Chief Baer, not Sheriff Wilson, and that Sheriff Wilson had no role in the decision to go to Plaintiff's home. Docket No. 55-4, p. 6; Docket No. 70-2, p. 2.

Plaintiff has presented no proof on this fact, other than Bryant's testimony at the preliminary hearing, which was not from Bryant's personal knowledge and which he has since corrected. The Court finds that Plaintiff has not carried his burden of creating a genuine issue of material fact on this issue.

Therefore, Defendant Wilson's Motion for Summary Judgment is granted and Plaintiff's claims against Defendant Wilson are dismissed.

## MUNICIPAL LIABILITY

To establish municipal liability under Section 1983, a plaintiff must establish that the plaintiff's harm was caused by a constitutional violation and that a policy or custom of the municipality was the "moving force" behind the deprivation of the plaintiff's rights. *Miller v. Sanilac County,* 606 F.3d 240, 255 (6th Cir. 2010); *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). Municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an implementation of the municipality's official policies or established customs. *Id*.

A plaintiff must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the "moving force" behind the violation. *Spears*, 589 F.3d at 256. To satisfy the requirements for establishing municipal liability, a plaintiff must identify the policy, connect the policy to the

9

municipality, and show that the particular injury was incurred because of the execution of that policy. *Garner v. Memphis Policy Dep't.,* 8 F.3d 358, 364 (6th Cir. 1993).

Plaintiff contends that it was Wayne County's policy or custom to inadequately and improperly investigate citizen complaints of police misconduct and to improperly train and supervise officers. Alternatively, Plaintiff asserts that the decision to illegally arrest Plaintiff was made by a final policymaker, thereby subjecting the county to liability. Docket No. 36.

Plaintiff has presented no evidence to support his claim that Wayne County has a policy or custom of inadequately or improperly investigating complaints of police misconduct. He has not pointed the Court to any specific instance of such failure, let alone a pattern of deliberate indifference to such complaints. Moreover, Plaintiff has not alleged that Wayne County failed adequately to investigate *his* complaint.

With regard to the alleged policy or custom of failing to train or supervise officers, Plaintiff contends in his Response that the facts of his case were discussed with Sheriff Wilson, the final policymaker for the county and with Chief Baer and/or Deputy Davis, at which time the supervising officers authorized a warrantless arrest of the Plaintiff. Plaintiff argues that the Defendants deliberately chose to *violate* the county's policy on arrests, not that they acted in accordance with a county policy.

Plaintiff also argues in his Response that the supervisors (Wilson, Baer and/or Davis) authorized the illegal arrest and that they were final policymakers at the time. Although municipal liability may be imposed for a single decision by a municipal policymaker under some circumstances, liability attaches only where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy

10

with respect to the subject matter in question. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

The Court has already found that Sheriff Wilson had nothing to do with this incident. With regard to Chief Baer and Deputy Davis, alleging one specific incident by county employees resulting in a deprivation of rights is generally insufficient. *Moore v. Pielech*, 2011 WL 1325088 at * 3 (S.D. Ohio 2011). Mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials. *Stone v. City of Grand Junction, Tenn.*, 765 F.Supp.2d 1060, 1073 (W.D. Tenn. 2011).

Here, the parameters of what constitutes an assault and when an officer may arrest a suspect without a warrant are policies mandated by the Tennessee General Assembly. The individual officers' decision to make a warrantless arrest one time, against this one Plaintiff, is insufficient to constitute a policy, practice or custom resulting in municipal liability.

For these reasons, Defendants' Motion for Summary Judgment as the Defendant Wayne County's liability for Plaintiff's Section 1983 claims is granted, and those claims are dismissed.

## STATE LAW CLAIMS

Plaintiff has also alleged the state law counts of negligent training and supervision against Defendant Wayne County, assault and battery against Defendants Bryant and Wayne County, false arrest and false imprisonment against all individual Defendants and Wayne County, and malicious prosecution against Defendants Bryant and Wayne County. Docket No. 36.

### AGAINST DEFENDANT WAYNE COUNTY

Historically, governmental entities have been held immune from suit absent their express waiver of that immunity. *Sallee v. Barrett*, 171 S.W.3d 822, 826 (Tenn. 2005). The Tennessee

Governmental Tort Liability Act ("TGTLA") waives, in part, the immunity previously afforded to governmental entities in Tennessee. Immunity is removed, for example, for injury proximately caused by a negligent act or omission of any employee within the scope of his employment. Tenn. Code Ann. § 29-20-205; *Sallee*, 171 S.W.3d at 826. Where immunity is removed, the governmental entity is the proper party defendant. *Id*.

The TGTLA specifically preserves immunity from claims arising out of false imprisonment, false arrest, malicious prosecution and civil rights. Tenn. Code Ann. § 29-20-205(2). Thus, Defendant Wayne County has waived its immunity for claims of negligence, but it has not waived its immunity for claims arising out of false arrest, false imprisonment, malicious prosecution or civil rights. Plaintiff's state law claims against the county for false arrest, false imprisonment and malicious prosecution are expressly barred under the TGTLA's preservation of immunity for these torts.[4] With regard to Plaintiff's assault and battery and negligence claims against the county, however, the Court finds that Defendant Wayne County's immunity has not been preserved. Under the TGTLA, the county may be liable for these claims.

Plaintiff asserts that he is bringing his claims against Wayne County pursuant to another Tennessee statute, however. That statute provides that anyone incurring any wrong, injury, loss or damage resulting from any act or failure to act on the part of any sheriff's deputy may bring suit against the county in which the sheriff serves, provided that the deputy is, at the time of such occurrence, acting under color of his office. Tenn. Code Ann. § 8-8-302.

---

[4] These claims are not dismissed, however, because they may be brought pursuant to another statute discussed below.

The TGTLA superceded this statute as it relates to actions based on negligence, but this statute still controls as to suits for intentional acts of official misconduct by sheriff's deputies. *Currie v. Haywood County*, 2011 WL 826805 at * 3 (Tenn. Ct. App. March 10, 2011); *Jenkins v. Loudon County,* 736 S.W.2d 603 (Tenn. 1987), *abrogated on other grounds, Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73 (Tenn. 2004). In *Jenkins*, the court held that Tenn. Code Ann. § 8-8-302 controls as to suits against the county for intentional misconduct (as opposed to negligence) of sheriff's deputies. *Jenkins*, 736 S.W. 2d at 609.

Plaintiff's assault and battery, false arrest, false imprisonment and malicious prosecution claims are not claims of negligence; they are intentional torts. Accordingly, Defendant Wayne County, while immune for some of the state law claims under the TGTLA, can be liable for its deputies' alleged misconduct under Tenn. Code Ann. § 8-8-302.[5]

Because the Plaintiff and Defendants have significantly different accounts of what happened when Bryant arrived at Plaintiff's house, arrested Plaintiff, and took him to jail, the Court cannot grant summary judgment on Plaintiff's assault and battery, false arrest or false imprisonment claims. For the same reasons stated above, genuine issues of material fact preclude summary judgment on these issues, and Defendants' Motion for Summary Judgment as to Plaintiff's state law claims for assault and battery, false arrest and false imprisonment against Defendant Wayne County pursuant to Tenn. Code Ann. § 8-8-302, are denied.

Under Tennessee law, in order to prove a state law malicious prosecution claim, Plaintiff must show that (1) a prior suit or judicial proceeding was brought against him without probable

---

[5] With the exception of Defendant Wilson, who has been dismissed, there is no dispute that the individual Defendants were acting in the scope of their employment at the time in question.

13

cause; (2) Defendants Bryant and Wayne County brought the prior action with malice; and (3) the prior action was finally terminated in the Plaintiff's favor. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Hill v. White*, 190 F.3d 427, 431 (6th Cir. 1999).

For a state law malicious prosecution claim, Plaintiff has the burden of proving the absence of probable cause. *Hill*, 190 F.3d at 431. Plaintiff has carried that burden of at least raising genuine issues of material fact as to probable cause for this arrest and prosecution. There is no dispute that the prior action was finally terminated in Plaintiffs' favor.

The element of malice for a malicious prosecution claim under Tennessee law generally addresses the subjective mental state of the defendant. *Hill*, 190 F.3d at 433. The existence of malice may be inferred from the fact that a lawsuit was brought without probable cause. *Id*. Tennessee courts have also held that a showing of a lack of probable cause gives rise to a rebuttable presumption of malice. *Id.* Any improper motive is sufficient to constitute malice when malicious prosecution is charged. *Kelley v. Tomlinson*, 46 S.W.3d 742, 746 (Tenn. Ct. App. 2000). "Ill will or personal hatred need not be shown, though these would certainly be sufficient to establish malice." *Id*. The Court finds that, here, whether the Defendants acted with malice is a question of fact, solely within the purview of the trier of fact. For these reasons, Defendants' Motion for Summary Judgment as to Plaintiff's claim for state law malicious prosecution against Defendant Wayne County is denied.

In summary, Defendants' Motion for Summary Judgment on the assault and battery claim against Defendant Wayne County is denied based on both the TGTLA and Tenn. Code Ann. § 8-8-302 ("the Statute"); Defendants' Motion for Summary Judgment on the false arrest, false imprisonment and malicious prosecution claims against Defendant Wayne County is denied based

14

on the Statute; and Defendants' Motion for Summary Judgment on the negligence claim against Defendant Wayne County is denied based on the TGTLA.

INDIVIDUAL DEFENDANTS

The TGTLA addresses the liability of governmental entities only. *Arbuckle v. City of Chattanooga*, 696 F.Supp.2d 907, 929 (E.D. Tenn. 2010). However, when the immunity of the governmental entity is removed, no claim can be brought against an employee for damages arising from the same claim. Tenn. Code Ann. § 29-20-310(b); *Alexander v. Newman*, 345 F.Supp.2d 876, 885 (W.D. Tenn. 2004) ("governmental employees cannot be sued for acts for which the immunity of the government has been removed").

In this case, the Court has found that the county's immunity under the TGTLA was removed with regard to Plaintiff's state law claims for negligence and assault and battery. Therefore, Section 29-20-310(b) applies, and Plaintiff's claim for assault and battery against Defendant Bryant is dismissed.[6]

With regard to Plaintiff's claims for false arrest, false imprisonment and malicious prosecution, however, the county's immunity has *not* been removed. Section 29-20-310(b) does not apply, and those claims, therefore, may proceed against the individual Defendants.[7] Moreover, as shown above, there are genuine issues of material fact which preclude summary judgment on the false arrest, false imprisonment and malicious prosecution claims against the individual Defendants.

---

[6] Plaintiff's assault and battery claim is against Defendant Bryant only, not the other individual Defendants, and Plaintiff's negligence claim is against the county only. Docket No. 36.

[7] Plaintiff's state law malicious prosecution claim is against Defendant Bryant only. Docket No. 36.

15

Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's state law claim for assault and battery against Defendant Bryant is granted, and that claim is dismissed. Defendants' Motion for Summary Judgment as to Plaintiff's state law claims for false arrest and false imprisonment against the individual Defendants is denied. Defendants' Motion for Summary Judgment as to Plaintiff's claim for malicious prosecution against Defendant Bryant is denied.

## CONCLUSION

For all the reasons explained herein, Defendants' Motion for Summary Judgment (Docket No. 49) is GRANTED in part and DENIED in part. Plaintiff's claims against Defendant Wilson are DISMISSED. Plaintiff's claims against the individual Defendants in their official capacities are DISMISSED. Plaintiff's Section 1983 claims against Defendant Wayne County are DISMISSED. Plaintiff's state law claim against Defendant Bryant for assault and battery is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE